**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **AKEEMA LADD,** | § <br> § |
| Plaintiff**,** | § Civil Action No. <br> § |
| v**.** | § <br> § |
| **MEDICREDIT, INC.,** | § **Jury Trial Demanded** <br> § <br> § |
| Defendant**.** | § <br> § |

## **COMPLAINT**

AKEEMA LADD ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MEDICREDIT, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## **PARTIES**

4. Plaintiff is a natural person residing in Dallas, Texas 75216.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

8. Defendant is a corporation with its principal place of business located at 3 City Place Drive, Suite 6900, St. Louis, MO 63141

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. Upon information and belief, Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore the debt, if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

13. Between September 2015 and October 2015, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number seeking to collect a debt from an unknown third party named Harriet.

14. Plaintiff received collection calls from telephone numbers including, but not

limited to (888) 930-4297. The undersigned has confirmed the number as belonging to Defendant.

15. Plaintiff told Defendant they were calling the wrong number and to stop calling.

16. However, Defendant continued to call Plaintiff.

17. Once Defendant was informed that its calls were unwanted and to stop calling, there was no purpose for placing further calls, other than to harass Plaintiff.

18. After Plaintiff's request to stop the calls was ignored by Defendant, she had no other option but to install a blocking application to block calls from their phone number.

## COUNT I
## **DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

21. Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly attempting to collect a debt, and continued to call after being told to stop calling.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, AKEEMA LADD, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, AKEEMA LADD, demands a jury trial in this case.

DATED: 9/1/2016                    KIMMEL & SILVERMAN, P.C.

By:  /s/Amy L. B. Ginsburg
      Amy L. B. Ginsburg
      Attorney for Plaintiff
      Kimmel & Silverman, P.C.
      30 E. Butler Pike
      Ambler, PA 19002
      Phone: (215) 540-8888
      Fax: (877) 788-2864
      Email: aginsburg@creditlaw.com